IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHESTER H. TRIDLE, JR., ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 9:07cv213 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER

The above-styled lawsuit was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636.  On October 1, 2007, Plaintiffs filed an Amended Motion for Emergency Hearing and Temporary Restraining Order and/or Protective Order and Motion for Attorneys' Fees (document #8).  Defendant filed a response to the motion on October 8, 2007, and Plaintiffs filed a reply brief on October 10, 2007.  A hearing was conducted on the motion on October 10, 2007.  At the hearing, Plaintiffs asserted that they now seek a protective order pursuant to Fed.R.Civ.P. 26(c), rather than a temporary restraining order, because Defendant filed an answer on October 5, 2007.  For the reasons set forth below, the undersigned finds that the motion for protective order should be granted.

*Background*

Plaintiffs Chester Tridle, Jr., James Jackson and Bobby Conner filed this lawsuit on September 10, 2007 seeking relief pursuant to the Federal Employers Liability Act.  The motion for

protective order concerns Plaintiff Bobby Conner.

Conner asserts that a letter was sent to Union Pacific on July 31, 2007 notifying Union Pacific that Conner was represented by counsel concerning his cumulative trauma disorder claims arising from his employment. On August 2, 2007, a claims representative for Union Pacific sent a letter acknowledging that it received the letter from Conner's counsel stating that Conner was represented by counsel for his alleged injuries sustained during his employment with Union Pacific. This lawsuit was then filed on September 10, 2007. Subsequently, on September 20, 2007, Union Pacific sent a letter to Conner directing him to appear for an investigation hearing on September 26, 2007, concerning a charge that he failed to provide certain medical documentation in response to letters that were sent to him on June 28, 2007, July 24, 2007 and August 8, 2007. Conner's attorney filed a Motion for Emergency Hearing and Temporary Restraining Order on September 21, 2007, seeking to restrain Union Pacific from proceeding with the investigation hearing. The matter was set for a hearing, but the hearing was canceled when Union Pacific postponed its investigation hearing. Union Pacific rescheduled the investigation hearing for October 11, 2007. As a result, Conner filed the present motion and seeks a protective order.

Conner argues that Union Pacific is attempting to circumvent the Federal Rules of Civil Procedure by contacting him directly, rather than his attorney, and by scheduling a hearing to inquire as to his failure to provide requested medical records. The notice for the hearing states that Conner's employment would be subject to termination if he did not comply. Conner asserts that Union Pacific is attempting to harass and intimidate him. He seeks attorney's fees related to seeking a protective order.

Union Pacific responds that Conner, as a union employee, must make himself available for

Union Pacific to determine his current medical status and ability to safely perform his job duties. Union Pacific further argues that Conner is subject to a Collective Bargaining Agreement ("CBA") and that minor labor disputes requiring an interpretation or the application of the CBA must be resolved through the Railroad Labor Act's arbitration process. Union Pacific submits that the medical record requests are for the health services department and are unrelated to this litigation.

*Discussion and Analysis*

In this matter, the undersigned finds the reasoning set forth in *Bernal v. Southern Pacific Transportation Company; Union Pacific Railroad*, 196 F.R.D. 371 (E.D.Cal.2000), is applicable in this case. Conner is now a litigant in a federal lawsuit and the Federal Rules of Civil Procedure establish parameters and protections for discovery. The matter at issue in the present motion – that is, whether it is appropriate for Union Pacific to contact Conner, an individual represented by counsel in this lawsuit, directly to seek medical documentation and to proceed with a hearing, without counsel, concerning his alleged failure to provide those medical records – does not require an interpretation of the CBA and preemption pursuant to the Federal Railway Labor Act does not apply. *Bernal*, 196 F.R.D. at 373 (*citing Riensch v. Union Pacific Railroad Co.*, 12 F.Supp.2d 1136, 1139-40 (D.Col.1998).

Union Pacific's assertion that a protective order is not necessary because the health services department requests for medical records and the ensuing disciplinary proceeding are completely separate from this litigation and its attorneys is unpersuasive. To the extent that Union Pacific's medical record requests and the pending investigation hearing concern Conner's medical conditions that are at issue in this lawsuit, they constitute discovery and are subject to Fed.R.Civ.P. 26. *Bernal*, 196 F.R.D. at 373 (*citing Smith v. Union Pacific Railroad Co.*, 878 F.Supp.171, 173 (D.Col.1995).

Document disclosures and testimony to be provided by Conner relating to his medical condition and medical records at issue in this lawsuit are governed by Fed.R.Civ.P. 26. In a case concerning whether Union Pacific could require a physical examination of an employee who had a pending FELA lawsuit, the court found it "inconceivable that Congress afforded injured workers the right to seek recovery pursuant to the FELA in federal court but denied to those same injured workers the ability to invoke the Federal Rules of Civil Procedure during the pendency of their FELA actions." *Riensch*, 12 F.Supp.2d at 1139. Moreover, Union Pacific's efforts to discipline an employee such as Conner for failing to abide by its requests for medical documentation, "cannot ignore the requirements of the civil rules and other legal constraints that check [Union Pacific's] power to dominate the plaintiff while he is a litigant in this Court." *Vicary v. Consolidated Rail Corp.*, 942 F.Supp. 1146, 1150 (N.D.Ohio 1996)

Conner's present motion documents several attempts to resolve this matter with Union Pacific before seeking relief in this court. Union Pacific has nevertheless continued to contact Conner directly and indicated that it is proceeding with the investigation hearing. Union Pacific's demands on Conner constitute an inappropriate attempt to circumvent the Federal Rules of Civil Procedure. There is good cause to issue a protective order in this case pursuant to Fed.R.Civ.P. 26(c) to stop Union Pacific from continuing to engage in these inappropriate discovery attempts.

Conner seeks attorney's fees pursuant to Fed.R.Civ.P. 37(a)(4). Pursuant to Fed.R.Civ.P. 26(c), the provisions of Rule 37(a)(4) apply to an award of expenses incurred in relation to a motion for protective order. Rule 37(a)(4) permits an award of reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to resolve the matter without court action or that the

opposing party's position was supported by substantial justification.

In this case, counsel for Conner attempted to resolve the matter before filing his motion, as well as thereafter. Further, the undersigned finds that Union Pacific's opposition was without substantial justification. As the court noted in *Bernal*, a case that involved Union Pacific as a defendant, the district judges in the United States District Court for the Eastern District of California had advised Union Pacific on multiple occasions that "its practice of sending medical questionnaires on an *ex parte* basis to FELA plaintiffs during the course of litigation, and then threatening disciplinary action when the plaintiffs failed to respond, is at odds with the Federal Rules of Civil Procedure . . ." *Bernal*, 196 F.R.D. at 374. The arguments raised by Union Pacific in its opposition to Conner's motion, specifically, that the CBA and RLA divest the federal courts of jurisdiction in the matter, have been raised by Union Pacific and rejected in multiple other FELA cases in addition to *Bernal*. *See Partida v. Union Pacific Railroad Company*, 221 F.R.D. 623 (C.D.Cal.2004)*; Riensch v. Union Pacific Railroad Company*, 12 F.Supp.2d 1136 (D.Col.1998); *Smith v. Union Pacific Railroad Company*, 878 F.Supp. 171 (D.Col.1995).

Conner did not attach any documentation supporting the $3,000 amount in attorney's fees that he is seeking. The undersigned finds, however, that the requested amount is appropriate in view of the multiple pleadings that have been filed and the hearing that was conducted on this matter. It is accordingly

**ORDERED** that Plaintiffs' Amended Motion for Emergency Hearing and Temporary Restraining Order and/or Protective Order and Motion for Attorneys' Fees (document #8) is deemed a motion for protective order pursuant to Fed.R.Civ.P. 26(c) and the motion is **GRANTED**. It is hereby

**ORDERED** that Union Pacific Railroad Company may not compel Bobby Conner to attend the investigation hearing scheduled for October 11, 2007, nor take disciplinary action against Bobby Conner for his failure to attend that hearing. It is further

**ORDERED** that Union Pacific Railroad Company may not compel Bobby Conner to provide personal medical information and/or records relating to the subject matter of this litigation, except in accordance with the Federal Rules of Civil Procedure, nor shall Union Pacific Railroad Company take any disciplinary action against Bobby Conner for his noncompliance with such requests. It is finally

**ORDERED** that Union Pacific Railroad Company shall pay Plaintiff Bobby Conner the sum of **$3,000.00** in attorney's fees incurred for seeking the relief granted above. The sum shall be paid within twenty days of the filing of this Order.

So **ORDERED** and **SIGNED** this **10** day of **October, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE