IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CHESTER H. TRIDLE, JR., ET AL. § | |
| § | |
| V. § | CIVIL NO. 9:07CV213 |
| § | |
| UNION PACIFIC RAILROAD COMPANY § | |

## SCHEDULING ORDER

After careful consideration, the Court is of the opinion that the following order should issue *sua sponte*. If the parties prefer to attend a scheduling conference, they should contact the undersigned as soon as possible. It is hereby

**ORDERED** that the following schedule of deadlines is in effect until further order of this court:

| | |
|---|---|
| **August 4, 2008** | Date parties should be prepared to try the case (docket call to be set by Judge Heartfield) |
| **July 14, 2008** | Motions *in limine*, Joint Final Pretrial Order, jointly proposed jury instructions and form of the verdict and objections to depositions or exhibits |
| **July 7, 2008** | Pretrial disclosures |
| **May 30, 2008** | Response to dispositive motions (including *Daubert* motions). Responses to motions that are filed prior to the dispositive motion deadline shall be due in accordance with Local Rule CV-7(e). |
| **May 16, 2008** | Filing dispositive motions and any other motions that may require a hearing (including *Daubert* motions) |
| **May 16, 2008** | Mediation deadline |
| **May 16, 2008** | Discovery deadline |

| | |
|---|---|
| **March 28, 2008** | Respondent to designate expert witnesses and provide FRCP 26(a)(2)(B) report |
| **February 28, 2008** | Party with burden of proof on the issue to designate expert witnesses and provide FRCP 26(a)(2)(B) report |
| **February 11, 2008** | Answer amended pleadings |
| **January 28, 2008** | Amend pleadings |
| **December 27, 2007** | Additional disclosures[1] |
| **December 13, 2007** | Initial disclosures[2] |

---

[1]Additional disclosures require each party, without awaiting a discovery request, to provide to every other party the following:
- a. a copy of all documents, data compilations and tangible things in the possession, custody or control of the party that are relevant to the pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;
- b. a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
- c. those documents and authorizations described in Local Rule CV-34.

[2]Refer to FRCP 26(a).  By way of initial disclosure, each party shall disclose to every other party the following information:
- (1) the correct names of the parties to the lawsuit;
- (2) the name, address and telephone number of any potential parties;
- (3) the name, address and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;
- (4) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. Discovery in this case is limited to disclosure together with 25 interrogatories, 25 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, the deposition of the treating physician(s). If the parties seek additional discovery, an appropriate motion may be filed.

3. The scope of the disclosures in Rule 26(a)(1)(A-B) of "that the disclosing party may use to support its claims or defenses" is modified to read "relevant to the claims or defenses of any party." The parties are directed to Local Rule CV-26(d) "Relevant to the Claim or Defense," for assistance in determining what information meets this standard.

4. The parties are required to provide as part of their disclosures a copy of the documents described in Rule 26(a)(1)(B), as modified above. By written agreement, the parties may agree to alternative methods of production, such as a description by category and location of the documents, exchange of documents in electronic format, or review and copy of disclosure materials at the offices of the parties or their attorneys.

5. In light of the initial disclosure provisions above, requests for production under Fed.R.Civ.P. 34 will not be allowed, and the parties are directed to conduct document discovery through the process of disclosures.

6. Documents produced by a party under disclosure requirements or any other method of discovery in this case are presumed to have satisfied the authentication requirements of Fed.R.Evid. 901 unless authenticity is challenged within twenty days

---

(5) any settlement agreements relevant to the subject matter of this action; and

(6) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

  of disclosure/production.

7.  The Court will refuse to entertain any motion to compel disclosure filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

8.  Trial of this matter will be limited to three days.

9.  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

  (a)  The fact that there are motions for summary judgment or motions to dismiss pending;

  (b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

  (c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

So **ORDERED** and **SIGNED** this **14** day of **November, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE