IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHESTER H. TRIDLE, JR., ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV213 |
| UNION PACIFIC RAILROAD COMPANY | § | |

ORDER

On December 10, 2007, United States Magistrate Judge Judith Guthrie conducted a hearing on Plaintiffs' Motion for Enforcement of Protective Order and Motion for Sanctions (document #24). On the same date, Judge Guthrie issued an Order granting Plaintiffs' Motion and ordering Defendant to pay Plaintiff Bobby Conner the sum of $1,500.00 in attorney's fees. On December 19, 2007, Defendant filed a Motion for Reconsideration of and Objections to the Magistrate Judge's Order (document #32). Plaintiff seeks reconsideration by the district judge of Judge Guthrie's Order pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A). Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, Rule 4(A), a district judge may set aside all or part of a magistrate judge's order on a pretrial matter if it is shown that the magistrate judge's order is clearly erroneous or contrary to law.

This is a lawsuit filed by railroad employees seeking relief pursuant to the Federal Employers' Liability Act. Plaintiffs allege that they have suffered injuries as a result of cumulative

and/or repetitive exposure to ergonomic risk factors throughout the course of their employment. Judge Guthrie previously entered an Order on October 10, 2007 granting a motion for protective order filed by Plaintiff Bobby Conner.  Finding that a scheduled investigative hearing and personal medical record requests constitute discovery that is subject to Fed.R.Civ.P. 26, Judge Guthrie ordered Defendant not to compel Bobby Conner to attend the investigation hearing scheduled for October 11, 2007, nor take disciplinary action against Bobby Conner for his failure to attend that hearing.  Defendant was further ordered not to compel Bobby Conner to provide personal medical information and/or records relating to the subject matter of this litigation, except in accordance with the Federal Rules of Civil Procedure, nor to take any disciplinary action against Bobby Conner for his noncompliance with such requests, as Bobby Conner is now a litigant in a federal lawsuit and the Federal Rules of Civil Procedure establish parameters and protections for discovery.  Document disclosures and testimony to be provided by Conner relating to his medical condition and medical records that are at issue in this lawsuit are governed by Fed.R.Civ.P. 26.

Plaintiff received notice from Defendant on the day after the protective order was entered that the October 11, 2007 investigative hearing was being postponed until December 12, 2007.  Plaintiffs filed their Motion for Enforcement of Protective Order and Motion for Sanctions on November 28, 2007.  In response to Plaintiffs' motion, Defendant asserted that the notice postponing the investigative hearing was sent to Bobby Conner while Defendant awaited a ruling on its Motion for Reconsideration of the protective order.  The Motion for Reconsideration was denied, however, on November 6, 2007, and there is no indication that the December 12, 2007 scheduled investigative hearing was canceled at that point.  The Court stated in its November 6, 2007 Order that  the matter at issue is whether it is appropriate for Union Pacific to directly contact Bobby Conner, an individual

represented by counsel in this lawsuit, to seek medical documentation and to proceed with a hearing, without counsel, concerning his alleged failure to provide those medical records. The Court clearly expressed that Union Pacific Railroad Company may not compel Bobby Conner to provide personal medical information and/or records relating to the subject matter of this litigation, except in accordance with the Federal Rules of Civil Procedure.

Despite Judge Guthrie's protective order, Defendant rescheduled the investigative hearing for new date. Even after the Court denied Defendant's motion for reconsideration of the protective order, Defendant did not immediately cancel the hearing. Having reviewed the pleadings, I find that Defendant has not shown that Judge Guthrie's Order granting Plaintiffs' Motion for Enforcement of Protective Order and Motion for Sanctions (document #24) is clearly erroneous or contrary to law. It is therefore

**ORDERED** that Defendant's Motion for Reconsideration of Magistrate Judge's Order (document #32) is **DENIED** and Defendant's objections to the Magistrate Judge's Order are **OVERRULED**.

**SIGNED** this the **11** day of **January, 2008.**

_____
Thad Heartfield
United States District Judge