Case 9:07-cv-00213-TH-JKG   Document 65   Filed 10/15/2008   Page 1 of 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| CHESTER H. TRIDLE, JR., ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 9:07CV213 |
| UNION PACIFIC RAILROAD COMPANY | § | |

8:08cv470

## ORDER

Plaintiffs Chester H. Tridle, Jr., James M. Jackson, Bobby W. Conner and Norman Davis filed the above-styled lawsuit on September 10, 2007, in the Eastern District of Texas, Lufkin Division. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636. On March 28, 2008, Defendant filed a Motion to Transfer Venue (document #56). A response was filed by Plaintiffs on April 9, 2008. Finding that the matter should be stayed pending a decision by the Fifth Circuit on the petition for rehearing *en banc* in *In re Volkswagen*, 506 F.3d 376 (5th Cir.2007), the undersigned issued an Order on April 10, 2008 staying the motion to transfer and this case. The Fifth Circuit subsequently issued its decision on October 10, 2008. *See In re Volkswagen*, Case No. 07-40058, ___ F.3d ___ (5th Cir.2008). For the reasons assigned below, the undersigned finds that the stay should be lifted and the motion to transfer should be granted.

N:\Civil\Referrals\Tridle - Motion to Transfer.wpd


A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
BY:

Page 1 of 8

*Background*

This lawsuit was filed seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). Plaintiffs state in the complaint that they were injured in the course and scope of their employment with Union Pacific Railroad Company ("Union Pacific"). They allege that they have suffered disorders of their musculoskeletal and/or nervous systems as a result of cumulative and repetitive trauma during the course of their employment. Plaintiffs assert that their injuries resulted from Union Pacific's negligence.

Union Pacific filed a Motion to Transfer Venue (document #56). Union Pacific argues that a transfer of the case to the District of Nebraska is appropriate in this case because Lufkin, Texas has no connection with any of Plaintiffs' claims. Union Pacific submits that Plaintiffs' claims have no factual connection to the Eastern District of Texas, in that Plaintiffs have never lived in Texas, worked in Texas or received any medical treatment in Texas. All three plaintiffs worked in Nebraska for their entire careers. Union Pacific asserts that the District of Nebraska is a more convenient forum for this case than the Eastern District of Texas and seeks a transfer pursuant to 28 U.S.C. § 1404(a).

Plaintiffs filed their response on April 9, 2008. Plaintiffs submit that a transfer would cause unnecessary delay. Plaintiff also asserts that independent medical examinations were conducted in Houston, Texas. Plaintiffs assert that Defendant must show that the balance of convenience and justice substantially weighs in favor of transfer and that Defendant has failed to do so. Addressing the private and public interest factors, Plaintiffs argue that their choice of forum is a substantive right under the FELA; Nebraska witnesses can be deposed for presentation at trial; the complained of negligent acts or omissions have occurred throughout the country and do not involve a single

occurrence; the Lufkin Division is more convenient for counsel; the problem of transporting witnesses is lessened by the fact that Defendant is a railroad; transfer would cause delay and force Plaintiffs to litigate this case where Defendant has strong political and financial ties; and the Eastern District of Texas has a history of timely and efficient resolution of cases.

*Discussion and Analysis*

Defendant seeks a transfer of this case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), which allows the Court, in its discretion, to transfer a case to any other district where it might have been brought. The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id.* at 616. The decision whether to transfer a case is within the sound discretion of the district court. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). Section 1404 "tempers the effects" of a plaintiff's privilege to file suit in any judicial division deemed appropriate under the venue statute. *In re Volkswagen*, No. 07-40058, slip op. p. 10, ___ F.3d ___ (5th Cir.2008). Although Plaintiffs argue that more deference should be afforded to a plaintiff's choice of forum in a FELA lawsuit, there is not a separate venue transfer statute for FELA claims. Indeed, "Congress cited a FELA case as an example of the need for such a provision, and courts have consistently held that § 1404(a) applies to all actions, not just those listed in the general venue provisions." *Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F.Supp.2d 651, 654 (E.D.Tex.1999).

The first issue for consideration when deciding whether a transfer is appropriate is, "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 826 (2003). A lawsuit "might

have been brought" in a district and division where the jurisdictional and venue requirements are satisfied. *Van Dusen v. Barrack*, 376 U.S. 612, 621-22, 84 S.Ct. 805, 810-11 (1964). Pursuant to 45 U.S.C. § 56, a FELA lawsuit, "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." The parties do not dispute that jurisdiction and venue would be permitted, in accordance with 45 U.S.C. § 56, in the District of Nebraska.

Next, the burden is placed on the movant to show why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d at 698. Plaintiffs apply an incorrect standard in their response brief. Plaintiffs assert that Union Pacific must prove that the balance of convenience and justice substantially weighs in favor of transfer. The standard applied by Plaintiffs, however, is the more demanding requirement of *forum non conveniens*. The "heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine – dismissal permitted only in favor of a substantially more convenient alternative – was dropped in the § 1404(a) context." *In re Volkswagen*, No. 07-40058, slip op. p. 11 (*citing Veba–Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir.1983)). Rather, the proper standard is whether the movant has shown good cause for a transfer. *Id.* at p. 12. The burden is on the movant to "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citing 28 U.S.C. § 1404(a)). The movant's burden of showing good cause "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.*

There are essentially two categories of factors to be considered: factors relating to the convenience of parties and witnesses, referred to as private interest factors, and factors relating to

the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947);[1] *Walter Fuller Aircraft Sales v. The Rep. Of the Philippines*, 965 F.2d 1375, 1389 (5th Cir.1992). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (citing *In re Volkswagen AG*, 371 F.3d. 201, 203 (5th Cir.2004). Factors to consider concerning the public interest include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The location of counsel is irrelevant to a decision on transfer of venue and is improper for consideration. *In re Horseshoe Entertainment*, 337 F.3d at 434. These factors are a guide and are not necessarily exhaustive or exclusive. *In re Volkswagen*, No. 07-40058, slip op. p. 13.

## Convenience Factors

### Location of Sources of Proof

The first factor is the accessibility and location of sources of proof. Typically, the location of documents and business records is given little weight, unless the documents are "so voluminous that their transport is a major undertaking." *Dupre*, 810 F.Supp. at 827. In this case, no records are

---

[1] Although the *Gilbert* case was a *forum non conveniens* case, the private and public interest factors set forth in *Gilbert* are appropriate for a determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interests of justice. *In re Volkswagen*, No. 07-40058, slip op. p. 13 (*citing Humble Oil Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.1963)).

located in the Eastern District of Texas. Plaintiffs allege that they were injured during their employment and none of their employment took place in the Eastern District of Texas. Likewise, none of Plaintiffs' medical care occurred in the Eastern District of Texas. Plaintiffs' treating physicians are in or near North Platte, Nebraska. Court-ordered independent medical exams took place in Houston, Texas, which lies in the Southern District of Texas. None of the sources of proof are located in the Eastern District of Texas. This factor weighs in favor of a transfer.

*Availability of Compulsory Process*

Courts should consider the availability and convenience of witnesses and parties, including the availability of compulsory process. Courts commonly consider the availability, convenience and cost of witnesses as one of the most important considerations. *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 928 (E.D.Tex.1999) (citing *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993)); *TV-3, Inc.*, 28 F.Supp.2d at 411 (citing *Fletcher v. Southern Pacific Trans. Co.*, 648 F.Supp. 1400, 1401-02 (E.D.Tex.1989)); *Reed*, 995 F.Supp. at 714; *Gundle Lining Construction Corp.*, 844 F.Supp. at 1166.

None of the potential witnesses identified by either party are located within the Eastern District of Texas. Any non-party witness unwilling to appear at trial would be outside of the 100-mile subpoena radius if the trial is in Lufkin, Texas. This factor weighs in favor of a transfer.

*Cost of Attendance for Willing Witnesses*

The third factor concerns the cost of attendance for willing witnesses. It is axiomatic that it is more convenient for witnesses to attend trial close to home. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from

their regular employment." *In re Volkswagen AG*, 371 F.3d at 205. In addition to the monetary costs associated with travel, witnesses suffer personal costs associated with being away from work, family and community. *In re Volkswagen*, No. 07-40058, slip op. p. 16. For a trial in the Eastern District of Texas, all witnesses will be required to travel. It appears that the majority of potential witnesses are located within the District of Nebraska. With none of the witnesses located in this district, the convenience of the witnesses and parties overall favors a transfer.

*Practical Considerations*

The final private interest factor encompasses all other practical problems that make trial of a case easy, expeditious and inexpensive. There has been no showing that a venue transfer to Nebraska would cause the trial of this matter to be more difficult, slower and more expensive for the parties.

*Public Interest Factors*

As previously stated, the public interest factors include issues such as relative court congestion, community nexus to the lawsuit resulting in a local interest in adjudicating the dispute, the familiarity of the forum with the law that will govern the case and the desire to avoid any conflict of law issues.

In this case, the District of Nebraska has a superior interest in adjudicating this dispute. Plaintiffs' employment occurred in the District of Nebraska and Plaintiffs are lifelong residents of the District of Nebraska. The Eastern District of Texas, on the other hand, has no connection to the facts giving rise to this lawsuit. Plaintiffs have not lived or worked here and did not acquire their injuries here. There are no conflict of laws issues in this case because this lawsuit is brought under federal law. There has been no showing that the District of Nebraska's docket is so congested, as compared

with the Eastern District of Texas, Lufkin Division, that it would be burdensome to transfer this case there.

Balancing all of these various factors, the undersigned is of the opinion that Defendant has satisfied its burden of showing good cause for a transfer. The Eastern District of Texas is not a convenient forum for this case. The lawsuit should be transferred to the District of Nebraska. It is accordingly

**ORDERED** that the STAY imposed in this case is **LIFTED**. It is further

**ORDERED** that the Defendant's Motion to Transfer Venue (document #56) is **GRANTED**. The case is hereby **TRANSFERRED** to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

So **ORDERED** and **SIGNED** this 15 day of **October, 2008.**

JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE