IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CHESTER H. TRIDLE, JR., JAMES  )
M. JACKSON, BOBBY W. CONNER,   )
and NORMAN DAVIS,              )
                               )
            Plaintiffs,        )         8:08CV470
                               )
       v.                      )
                               )
UNION PACIFIC RAILROAD         )         MEMORANDUM AND ORDER
COMPANY,                       )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on defendant Union Pacific Railroad, Company's ("Union Pacific") motion to sever (Filing No. 88), and plaintiffs' motion for leave to file a sur-reply brief in opposition to defendant's motion to sever (Filing No. 97). Upon review, the Court finds Union Pacific's motion to sever should be denied, and plaintiffs' motion for leave to file a sur-reply brief in opposition to defendant's motion to sever should be denied as moot.

## BACKGROUND

Plaintiffs brought this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq., which permits common-carrier railroad employees to recover for work-related injuries caused by their railroad-employer's negligence. *CSX Transp., Inc. v. Hensley*, ___ S. Ct. ___, 2009 WL 1506680, at * 1 (June 1, 2009)(per curiam). The plaintiffs in this case include one current and three retired employees of Union Pacific (*see* Filing No. 91, ¶¶ 1-4). Plaintiffs allege they were exposed to ergonomic risk factors during their employment with Union

Pacific, the exposure resulted in injuries to their musculoskeletal and/or nervous systems, and the injuries were caused by negligent acts or omissions on the part of Union Pacific (Filing No. 91, ¶¶ 11-12, 15).

### Discussion

Union Pacific moves to sever the plaintiffs on the grounds that the plaintiffs are improperly joined, and failure to sever the plaintiffs will prejudice Union Pacific. The Court does not find that either argument supports severing this action.

Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Pursuant to Rule 20(a)(1), persons may join in one action as plaintiffs if two requirements are satisfied: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). In this case, both requirements are satisfied.

**Same Transaction or Occurrence**

The first requirement for permissive joinder is that the plaintiffs assert a right to relief that arises out of the same transaction or occurrence or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(1)(A). Whether a particular

factual situation constitutes a single transaction or occurrence is determined on a case-by-case basis.  *Mosley*, 497 F.2d at 1333.  The Eighth Circuit has embraced a liberal reading of the same transaction and occurrence language, finding it permits joinder of "all reasonably related claims for relief by or against different parties" and does not require absolute identity of all events.  *Id.*

In *Mosley*, the Eighth Circuit Court of Appeals found plaintiffs asserted a right to relief that arose out of the same transaction or occurrence where each plaintiff alleged he was injured by the same company-wide policy of discrimination.  *Id.* at 1333-34.  Similarly, in *Geir v. Ed. Serv. Unit No. 16*, 144 F.R.D. 680, 688-89 (D. Neb. 1992)(Kopf, J.), this Court found that despite factual differences in the plaintiffs' claims, the same transaction or occurrence requirement was satisfied because each alleged he or she was injured by the school's general policy or custom in condoning the abuse of students.  In so finding, Judge Kopf stated the following:

> In this instance, although [] each of the seven plaintiffs may not have attended the school simultaneously or alleged assaults by the same school employees on the same dates, they nonetheless each assert a right to relief arising out of the same "series of transactions or occurrences." Specifically, each plaintiff has alleged they were injured by the same general policy or custom of ESU No. 16 school in condoning a pattern of physical, sexual and emotional abuse of students, and each plaintiff has alleged the

>            defendants were aware of the
>            physical, sexual and emotional
>            assaults occurring at the school
>            yet took no corrective action to
>            stop the pattern of abuse.

*Id.* at 688-89.

Like *Mosley* and *Geir*, the plaintiffs in this case have asserted a right to relief that arises out of the same series of transactions or occurrences. While there are factual differences between plaintiffs' claims, each plaintiff worked in North Platte, Nebraska, and for at least part of his employment, worked in Union Pacific's mechanical department and had duties that included the inspection or repair of cars or locomotives.[1] Each plaintiff alleges he suffered musculoskeletal and/or nervous system injuries during his employment with Union Pacific due to exposure to ergonomic risk factors, and according to allegations in the amended complaint, plaintiffs claim in part that their injuries were caused by Union Pacific's failure to implement sufficient ergonomic policies, procedures, and programs (*see* Filing No. 91, ¶ 15). While the amended complaint contains additional allegations of negligence that appear to be specific to each plaintiff's factual circumstance, several allegations regard a right to relief that is based on the adequacy of Union Pacific's general policies, procedures, and programs. In accordance with *Mosley* and *Geir*, the Court finds such allegations

---

[1] Filing No. 90, Ex. A, Tridle Depo., 45:16-47:20, Ex. B, Jackson Depo., 45:22-51:1; Ex. C, Davis Depo., 46:10-47:4, Ex. D, Conner Depo., 41:19-24; Filing No. 93, Ex. H-K at CM/ECF 46-53.

are sufficient to satisfy the same transaction or occurrence requirement.

**Common Question of Law or Fact**

The second requirement for permissive joinder is that a question of law or fact will arise in the action that is common to all of the parties.  Fed. R. Civ. P. 20(a)(1)(B).  "The rule does not require that all questions of law and fact raised by the dispute be common.  Yet, neither does it establish any qualitative or quantitative test of commonality."  *Mosley*, 497 F.2d at 1334.  Here, the adequacy of Union Pacific's ergonomics policies and procedures is common to all of the plaintiffs, and therefore, the second requirement for permissive joinder is satisfied.  Because both requirements of Rule 20(a)(1) are satisfied, the plaintiffs are properly joined in this action.

Union Pacific argues that even if joinder is proper, the action should be severed because joinder of the claims will result in jury confusion and an increased likelihood that the jury will find Union Pacific liable due to the cumulative accounts.  These concerns do not warrant severance due to the facts that plaintiffs have represented to the Court that they will be calling the same witnesses at trial with the exception of each plaintiff's physicians,[2] and if necessary, the Court can instruct the jury on how to consider plaintiffs' claims.  Any potential prejudice to Union Pacific is outweighed by the time and cost benefits of not severing the action.  Accordingly,

---

[2] Filing No. 92 at 11-12.

IT IS ORDERED:

1) Union Pacific's motion to sever is denied.

2) Plaintiffs' motion for leave to file a sur-reply brief in opposition to defendant's motion to sever is denied as moot.

DATED this 22nd day of June, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court