IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CHESTER H. TRIDLE, JR., JAMES  )
M. JACKSON, BOBBY W. CONNER,   )
and NORMAN DAVIS,              )
                               )
            Plaintiffs,        )       8:08CV470
                               )
      v.                       )
                               )
UNION PACIFIC RAILROAD         )       MEMORANDUM AND ORDER
COMPANY,                       )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on plaintiffs' objection to notice (Filing No. 117), defendant Union Pacific Railroad Company's ("Union Pacific") motion in limine re: Robert O. Andres, Ph.D. (Filing No. 121), Union Pacific's motion to strike or for sanctions or in the alternative motion to compel (Filing No. 134), Union Pacific's motion for summary judgment as to plaintiff Norman Davis (Filing No. 126), and Union Pacific's motion for partial summary judgment as to plaintiff James Jackson (Filing No. 129).  Upon review of the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds plaintiffs' objection to notice should be denied, Union Pacific's motion in limine re: Robert O. Andres, Ph.D. should be denied as moot, Union Pacific's motion to strike or for sanctions or in the alternative motion to compel should be granted, Union Pacific's motion for summary judgment as to plaintiff Norman Davis should be granted, and Union Pacific's motion for partial summary judgment as to plaintiff James Jackson should be granted.

**1. Plaintiffs' Objection to Notice (Filing No. 117)**

It is not clear what, if any, relief plaintiffs seek from this Court in Filing No. 117. Accordingly, to the extent Filing No. 117 requests relief from the Court, such request will be denied without prejudice.

**2. Union Pacific's Motion in Limine re: Robert O. Andres, Ph.D. (Filing No. 121)**

Plaintiffs have informed the Court that they wish to withdraw their expert designation of Robert O. Andres (Filing No. 132). Accordingly, Union Pacific's motion in limine to exclude Dr. Andres' testimony will be denied as moot.

**3. Union Pacific's Motion to Strike or for Sanctions or in the Alternative Motion to Compel (Filing No. 134)**

Union Pacific moves for an order striking anticipated causation testimony of plaintiffs' treating physicians on the ground that the treating physicians have not produced Rule 26(a)(2)(B) reports or otherwise disclosed such opinions.

Pursuant to Federal Rule of Civil Procedure 26(a)(2), parties must disclose the identity of any witness who will offer expert evidence at trial and accompany such disclosure with a written report containing, inter alia, the witness' opinions "if the witness is one retained or specially employed to provide expert testimony[.]" Fed. R. Civ. P. 26(a)(2)(A), (B). The Court's final progression order (Filing No. 100) required plaintiffs to make these disclosures on or before April 29, 2009. The final progression order further provided in a footnote that a treating physician is *generally* not deemed to be "retained or

specially employed to provide expert testimony in a case" within the meaning of Rule 26(a)(2)(B), but a treating physician must be identified pursuant to Rule 26(a)(2)(A) (*Id.* at 2 n.1).

Relying on this footnote to the progression order, plaintiffs identified their treating physicians pursuant to Rule 26(a)(2)(A) but did not disclose any causation opinions pursuant to Rule 26(a)(2)(B).

A treating physician is permitted to give some expert testimony without providing an expert report, such as testimony regarding his diagnosis and treatment of a patient. *Sowell v. Burlington N. and Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *4, 6 (N.D. Ill. Dec. 7, 2004) (unreported); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 594 (D. Neb. 1995). However, a treating physician is not permitted to offer opinion testimony on medical causation unless he has properly disclosed such opinions pursuant to Rule 26(a)(2)(B). *See Sowell,* 2004 WL 2812090, at *4, 6; *Widhelm*, 162 F.R.D. at 594. Union Pacific sufficiently notified plaintiffs of this distinction in a detailed letter that provided appropriate citations to authority. Plaintiffs choose to ignore this notification at their own peril.

The Court has already denied plaintiffs' request to extend the expert disclosure deadlines (Filing No. 158). Plaintiffs' treating physicians have not disclosed any causation opinions as required by the Federal Rules of Civil Procedure and this Court's progression order, and therefore, plaintiffs'

-3-

treating physicians will be precluded from offering such testimony.

**4. Union Pacific's Motions for Summary Judgment (Filing Nos. 126, 129)**

Union Pacific moves for full summary judgment as to Norman Davis and partial summary judgment as to James Jackson on the ground that no genuine dispute exists with regard to medical causation.

## I. BACKGROUND

This is an action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq. ("FELA"). Davis and Jackson are retired Union Pacific Employees. Davis worked for Union Pacific from 1968 to 2004 primarily as an electrician. Jackson worked for Union Pacific for more than 30 years primarily as a carman. Both generally allege that they were exposed to various ergonomic risk factors during their employment, this exposure resulted in "cumulative trauma injuries," and their injuries were caused in whole or part by Union Pacific's negligence. Specifically, Davis claims he suffers from carpal tunnel syndrome in his right wrist and an impingement in his left shoulder. Jackson claims he suffers from injuries to his wrists, lower back, and right knee. The issue before the Court is whether there is a genuine dispute for trial as to whether Union Pacific's purported negligence caused plaintiffs' claimed injuries.

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A fact is material when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2).

## III. DISCUSSION

Under the FELA, railroads engaging in interstate commerce are liable in damages to their employees for

> . . . injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its

>     negligence, in its cars, engines,
>     appliances, machinery, track,
>     roadbed, works, boats, wharves, or
>     other equipment. . . .

45 U.S.C. § 51.

"[S]ubstantively FELA actions are governed by federal law." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). To prevail on an FELA claim, a plaintiff must prove the common law elements of negligence, including causation. *See id.* at 165-166; *see also Dukes v. Ill. Cent. R.R. Co.*, 934 F. Supp. 939, 944 (N.D. Ill. 1996).

"The test of causation under the FELA is whether the railroad's negligence played any part, however small, in the injury which is the subject of the suit." *Fletcher v. Union Pac. R.R. Co.,* 621 F.2d 902, 909 (8th Cir. 1980). While a plaintiff does not need to show that the railroad's negligence was the *sole* cause of his injuries, he must produce sufficient evidence from which a jury could conclude that a "probable" or "likely" causal relationship existed. *Moody v. Maine Cent. R.R. Co.,* 823 F.2d 693, 695 (1st Cir. 1987); *Dukes*, 934 F. Supp. at 944.

Nebraska courts require a plaintiff to offer medical expert testimony to establish causation in a FELA case where symptoms of the claimed injury are subjective. *See McNeel v. Union Pac. R.R. Co.,* 276 Neb. 143, 151, 753 N.W.2d 321, 329 (2008). Similarly, federal courts have found medical expert evidence is generally required to prove causation in a FELA case "unless the [causal] connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an

automobile." *Moody*, 823 F.2d at 695-96 (quoting F. Harper, F. James, O. Gray, *The Law of Torts* § 20.2 (2d ed. 1986)); *see also Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005) (unreported).

        The Court finds that Davis' claim and Jackson's claim with regard to his low back injury require medical expert testimony to prove causation because the causal connection alleged by each plaintiff is not one that would be obvious to a juror. Plaintiffs have not identified any other medical expert evidence they will offer to establish causation. In contrast, Union Pacific has offered medical expert evidence that no causal connection exists between Davis' claimed injuries and Union Pacific's purported negligence (*see* Filing No. 128-3), and Union Pacific has offered medical expert evidence that no causal connection exists between Jackson's claimed low back injury and Union Pacific's purported negligence (*see* Filing No. 131-3).[1] Thus, no genuine dispute exists with regard to an essential element of Davis' claim and Jackson's claim with regard to his low back injury. Union Pacific's motion for summary judgment as to Davis will be granted, and Union Pacific's motion for partial summary judgment as to Jackson will be granted. Accordingly,

---

[1] The Court overrules plaintiffs' objections to the conclusions stated in Dr. Mercier's affidavits and notes that the time for challenging the admissibility of expert testimony expired August 3, 2009 (Filing No. 100).

IT IS ORDERED:

1) Plaintiffs' objection to notice (Filing No. 117) is denied without prejudice.

2) Union Pacific's motion in limine re: Robert O. Andres, Ph.D. (Filing No. 121) is denied as moot.

3) Union Pacific's motion to strike causation testimony of plaintiffs' treating physicians (Filing No. 134) is granted.

4) Union Pacific's motion for summary judgment as to plaintiff Norman Davis (Filing No. 126) is granted.  Plaintiff Norman Davis is terminated as a party.

5) Union Pacific's motion for partial summary judgment as to plaintiff James Jackson (Filing No. 129) is granted as to his claim for low back injuries.

DATED this 10th day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court