IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHESTER H. TRIDLE, JR., JAMES M. JACKSON, and BOBBY W. CONNER, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV470 |
| v. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | MEMORANDUM OPINION |
| Defendant. | ) ) | |

This matter is before the Court on defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment (Filing No. 162). Upon review, the Court finds the motion should be granted.

### BACKGROUND

This is an action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. Plaintiffs are current and former Union Pacific employees. Plaintiffs allege that they were exposed to various ergonomic risk factors during their employment, this exposure resulted in "cumulative trauma injuries," and their injuries were caused in whole or part by Union Pacific's negligence. Specifically, Tridle claims he suffers from injuries to his knees and left hip, Jackson claims he suffers from injuries to his low back, wrists, and right knee, and Conner claims he suffers from injuries to his left wrist and left shoulder.

**DISCUSSION**

Union Pacific moves for summary judgment on the ground that plaintiffs cannot create a genuine issue of fact as to causation. Union Pacific previously moved for summary judgment on the same ground as to Jackson's claim based on his low back injury and Norman Davis' claim. The Court granted the motion and dismissed Davis from this action.

The law applicable to Union Pacific's present motion is set out in the Court's prior memorandum opinion. *See* Filing No. 159. Similar to the claims addressed in the Court's prior memorandum opinion, the Court finds that medical expert testimony is necessary with regard to these claims to establish that the plaintiffs' asserted injuries were caused in whole or in part by Union Pacific's alleged negligence. Plaintiffs have identified treating physicians that they might call as witnesses at trial, but plaintiffs have not produced expert reports for these individuals or otherwise disclosed their causation opinions. Accordingly, the Court will not permit the treating physicians to offer causation testimony at trial. *See* Filing No. 159 at 2-4. Absent this evidence, there is insufficient evidence to create a genuine dispute for trial regarding medical causation.

Union Pacific's present summary judgment motion was filed after the deadlines set by the final progression order (Filing No. 100). The Court does not condone Union Pacific's failure to comply with such deadlines, but it would be a waste of judicial resources and the parties' time to let this case proceed

to trial.  Plaintiffs' request for reconsideration of their motion for a continuance and modification of the progression order will be denied.  Union Pacific's motion for summary judgment will be granted.  A separate order and judgment will be entered in accordance with this memorandum opinion.

DATED this 12th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court